IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gurjit Singh Singh, | No. CV-26-02048-PHX-RM (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Todd M Lyons, et al., | |
| Respondents. | |

Petitioner Gurjit Singh Singh challenges his immigration detention under 28 U.S.C. § 2241, arguing that the revocation of his release and his prolonged detention without a bond hearing violate due process, and that there is no significant likelihood of his removal in the reasonably foreseeable future. (Doc. 1.) The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 3.) In their Response, Respondents argue that Petitioner's detention is statutorily authorized under 8 U.S.C. § 1231(a) and that Petitioner has not shown the detention is unconstitutionally indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 7.)

I.    **Background**

Petitioner is a native and citizen of India who entered the United States on September 14, 2024, without being admitted or paroled, and was arrested the same day by United States Border Patrol agents. (Doc. 7-1 at 2.) On October 15, 2024, an Asylum Pre-Screening Officer determined that Petitioner had established a credible fear of persecution or torture upon return to India. (*Id.* at 3.) On October 17, 2024, Immigration and Customs

Enforcement ("ICE") officers released Petitioner on an Order of Release on Recognizance. (*Id.*) Petitioner avers that he complied with all conditions of supervision (Doc. 1 at 2), and Respondents do not contend otherwise.

On July 30, 2025, ICE officers re-arrested Petitioner at the ICE San Francisco Regional Field Office when Petitioner appeared for an ICE appointment. (Doc. 1 at 2; Doc. 7-1 at 3.) Petitioner has been continuously detained since that date. (Doc. 1 at 2.) On December 2, 2025, an Immigration Judge ordered Petitioner removed from the United States to India but granted withholding of removal to India. (Doc. 7-1 at 4.)

## II.    Discussion

After the entry of a final removal order, there is a 90-day period during which the alien ordered removed must be detained. 8 U.S.C. § 1231(a)(1)(A), (a)(2)(A). If removal does not occur during the 90-day period, further detention is statutorily authorized. 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Court held that detention beyond the 90-day removal period is presumptively reasonable for up to 6 months; if an alien shows after the conclusion of the 6-month period that there is no significant likelihood of his removal in the reasonably foreseeable future, however, he should be released. 533 U.S. at 701. The 6-month presumptively reasonable period includes the 90-day statutory removal period. *Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001).

Respondents argue that Petitioner's detention is constitutionally reasonable because he has been detained for less than 6 months following issuance of a final order of removal. (Doc. 7.) However, Respondents' argument ignores that Petitioner has been continuously detained since July 30, 2025. Petitioner's current detention exceeds 9 months, including over 5 months since issuance of a final order of removal.[1]

Petitioner has "provide[d] good reason to believe that there is no significant

[1] Furthermore, "an alien being detained pursuant to § 1231(a)(6) may bring a constitutional challenge to his confinement even if the period of confinement has not yet reached the six-month mark." *Sweid v. Cantu*, No. CV-25-03590-PHX-DWL (CDB), 2025 WL 3033655, at *3 (D. Ariz. Oct. 30, 2025). The Court finds that, even if an initial presumption of reasonableness applies to Petitioner's detention because he has been detained under § 1231 for slightly less than 6 months (even though his present detention exceeds 9 months in total), the record in this case rebuts the presumption of reasonableness.

likelihood of removal in the reasonably foreseeable future," *Zadvydas*, 533 U.S. at 701, as he has been granted withholding of removal to India.  (Doc. 1 at 4.)  Respondents have failed to "respond with evidence sufficient to rebut" Petitioner's showing. *Id.*  Respondents contend that ICE "has been diligently attempting to execute [Petitioner's] removal" and "continues to identify countries to approach for third party removal."  (Doc. 7 at 3.)[2]  But Respondents provide no evidence to support that a third country has even been identified as a possible location to remove Petitioner, let alone that a third country has agreed to accept Petitioner.  On the record presented, no evidence supports that there is a significant likelihood that Petitioner will be removed from the United States in the reasonably foreseeable future.  Accordingly, the Court will grant the Petition and order that Petitioner be immediately released from custody.

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for immediate release from custody pursuant to *Zadvydas v. Davis*, and otherwise denied as moot.

**IT IS FURTHER ORDERED** that Respondents shall **immediately** release Petitioner under the conditions that existed prior to his re-detention.

**IT IS FURTHER ORDERED** that Respondents shall file a notice of compliance within **two (2) business days** of Petitioner's release.

. . . .

. . . .

. . . .

. . . .

---

[2] Even though the Court specifically ordered Respondents to support their Response with "documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein" (Doc. 3 at 2), Respondents have submitted only a declaration by a Deportation Officer who reviewed Petitioner's file (Doc. 7-1), rather than a declaration by an individual with personal knowledge of the accuracy of factual statements in that file concerning ICE's efforts to remove Petitioner.  Even assuming as true Respondents' contention that ICE officers contacted the Removal and International Operations Unit on January 9, 2026, and March 17, 2026, in an effort to find an alternate country of removal for Petitioner, there is no evidence that removal efforts are likely to be successful in the reasonably foreseeable future.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Petitioner and close this case.

Dated this 15th day of May, 2026.

_____
Honorable Rosemary Márquez
United States District Judge